Filed 8/15/23  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097346 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F08250) |
| v. | |
| CLAIRREATHA BROWN, | |
| Defendant and Appellant. | |

On August 19, 1997, defendant Clairreatha Brown pled guilty to first degree murder and two counts of attempted murder; she further admitted two personal gun use enhancements on the attempts.  In exchange, defendant received an aggregate prison sentence of 17 years plus 25 years to life.

1

On April 26, 2021, defendant filed a petition for resentencing under Penal Code section 1172.6[1] with the Sacramento County Superior Court. Following the appointment of counsel and briefing, the trial court issued an order to show cause and set the matter for an evidentiary hearing under section 1172.6, subdivision (d). This hearing took place over several days in 2022.

On October 21, 2022, the trial court ruled on defendant's petition for resentencing, determining on the attempted murders that defendant was the actual shooter who acted with intent to kill. Further, the trial court found defendant was an aider and abettor of the murder under an implied malice theory and was also guilty of felony murder because she was a major participant in the robbery who had acted with reckless indifference to human life. Accordingly, the trial court denied the petition. Defendant timely appealed.

On May 15, 2023, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and requesting we exercise our discretion to review the entire record for arguable issues on appeal. Counsel also wrote defendant, explaining she would be filing a *Delgadillo* brief and if defendant failed to file a propria persona supplemental brief, her appeal would likely be dismissed.

Also on May 15, 2023, this court sent a letter notifying defendant: (1) her counsel filed an appellate brief stating her review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument she wanted this court to consider. In

---

[1]     Effective June 30, 2022, the Legislature renumbered former Penal Code section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed her petition under former section 1170.95, we refer to the current section 1172.6 throughout this opinion.

addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

Defendant did not file a supplemental brief within the 30 days following the *Delgadillo* notice. We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
MESIWALA, J.

3